Paul W. Jones, #11688
STOEL RIVES, LLP
4766 South Holladay Blvd
Salt Lake City, Utah 84117
Telephone: (801) 930-5101
Fax: (801) 606-7714
*Attorneys for the Petitioner*

FILED
U.S. DISTRICT COURT

2015 OCT 19  A 10: 13

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NELDON JOHNSON and<br>GLENDA JOHNSON,<br><br>                Petitioners<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendants | **PETITION TO QUASH SUMMONS**<br><br>Case: 2:15cv00742<br>Assigned To : Parrish, Jill N.<br>Assign. Date : 10/19/2015<br>Description: Johnson et al v. USA |

PETITIONER, through their attorney, respectfully petitions this Court for an order quashing the Internal Revenue Service ("IRS") third-party Summons served on Wells Fargo Bank, N.A. ("Wells Fargo") in the matter of Neldon Johnson and Glenda Johnson (the "Johnsons") for the calendar year 2012.

In support of this Petition, Petitioners allege as follows:

**I. JURISDICTION**

1.      This is an action to quash a third-party Summons brought under 26 U.S.C. Section (hereinafter referred to as "Section") 7609(b)(2). Respondent is the United States of America. This Court has jurisdiction to hear and determine this proceeding under Section 7609(h)(1) and 28 U.S.C. § 1340.

2.      Wells Fargo, the summoned party, has offices in Salt Lake City, Utah and maintains its Utah registered agent's address at 10 E South Temple, Ste. 850, Salt

Lake City, Utah 84133, which is within the District of Utah. Accordingly, venue is proper with this Court under Section 7609(h)(1).

3.      Petitioner is entitled to receive notice of the Summons issued by the IRS to Wells Fargo.

4.      This proceeding to quash was brought timely after Petitioner received notice of the Summons by receipt of the same from the IRS on October 5, 2015.

5.      A copy of the Summons is attached hereto as Exhibit A.

## II. RELEVANT FACTS

6.      The Johnsons are a husband and wife who reside in Delta, Utah.

7.      The Internal Revenue Service commenced an examination of the Johnsons' income tax return for the calendar year 2012 on or about May of 2015.

8.      As a part of that examination the auditor, Joel Zielke, sent a summons dated October 1, 2015 to Wells Fargo Bank, NA, the same as is shown in Exhibit A, (the "Summons") requesting the following:

> Please produce for examination copies of signature cards, monthly bank statements, bank deposit slips, deposit items, credit memos, cancelled checks, and debit memos drawn on accounts which either Neldon Johnson (TIN# [Redacted]) or Glenda Johnson (TIN # [Redacted]) either owns or is a signer for the period December 2011 - January 2013.

9.      The Summons requires Wells Fargo Bank, NA to produce the requested information by October 30, 2015 by appearance or in the alternative to mail the requested information to Mr. Zielke.

## III. ARGUMENT

10.     The IRS' Summons must be quashed because the IRS did not issue the Summons in good faith, in that the IRS (1) has requested information that is

impermissibly overly broad, (2) has summonsed information that is not relevant to its examination of the taxpayers, and (3) already possesses the documents it has summonsed.

## A. THE SUMMONS IS IMPERMISSIBLY OVERBROAD

11.    When summonses are too broad, indefinite, and/or burdensome they will be found to constitute an unreasonable search in violation of the Fourth Amendment of the United States Constitution. Additionally, 26 USC § 7603 limits the summons power of the IRS by requiring that the materials sought be described with "reasonable" certainty. Furthermore, a summons should not be broader than necessary to achieve its purpose. See *United States v. Powell*, 379 U.S. at 58; *United States v. Lewis*, 604 F. Supp. 1169 (E.D. La 1985); *United States v. Richards*, 479 F. Supp. 828, 833 (E.D. Va. 1979), aff'd, 631 F.2d 341 (4th Cir. 1980).

12.    Respondent has requested documents that well exceed this standard. The Petitioners do not have an issue with providing information about their personal bank accounts. However, Respondent is now requesting to receive banking information for which the Johnson(s) are "either own[er]s or is a signer."

13.    This request will provide information that is wholly unrelated to the examination of the taxpayers. For example, the taxpayers are authorized to sign on various business accounts that are separate taxpayers and that are not under examination. None of that information is collectively relevant to the taxpayers' examination.

14. Further, because the request is so inclusive it renders the request impermissibly vague and indefinite and ultimately amounts to an improper fishing expedition.

15. A document demand for "all information which would be necessary to enable a representative of the IRS to properly determine total income earned or sources of funds received" was considered overbroad and in violation of the Fourth Amendment. See also *United States v. Klir*, 47 AFTR2d 81-1399 (E.D. Tex. 1979), aff'd by unpub. order, 644 F.2d 33 (5th Cir. 1981), wherein a case involving a similar provision, the court reasoned that because the respondents were forced to determine whether documents were relevant, it would be impossible to enforce the summons by a contempt proceeding.

16. The IRS may not conduct an unfettered "fishing expedition" through a person's records, but "must identify with some precision the documents it wishes to inspect." See *Dauphin Deposit Trust Co.*, 385 F.2d 129, 131 (3d Cir. 1967).

17. In testing for overbreadth, the question is not whether the summons calls for the production of a large volume of records. Instead, the questions are rather, first did the summons describe the requested documents in enough detail to inform the summoned party of exactly what is to be produced,[1] and, second, may the summoned records be relevant to the inquiry.[2]

18. In this case the summons fails both of these tests for being impermissibly overbroad. First the information requests takes an approach which contemplates receiving information of another taxpayer that is not under examination. Where the

---

[1] *United States v. Abrahams*, 905 F.2d at 1282, 1285
[2] *In the Matter of the Tax Liabilities of John Does v. United States*, 866 F.2d 1015, 1021 (8th Cir. 1989)

records that will be produced are not those of the taxpayer being examined they should be specifically identified.

19.     Further, the request, as it relates to the records of other taxpayer(s) is not relevant to the examination of the Johnsons. Again, if records of taxpayers who are not under a noticed in the examination are sought they should be identified with precision. Here the respondent is merely seeking an "all records" type of request simply for the reason of that one or more of the Johnson may have signatory authority over an account. This will require Wells Fargo to produce that separate taxpayers' records when they are not being examined. Such production does not lead to determining the Johnsons' tax liability.

20.     Because the summons is impermissibly overbroad it should be quashed.

**B. THE INFORMATION SOUGHT IS NOT RELEVANT TO EXAMINATION**

21.     The Summons seeks irrelevant information because (1) the requested documents have no impact on the outcome of the examination; and (2) the requests lack any relevance to the underlying examination. See *Powell*, 379 U.S. at 57; *United States v. First Nat'l St. Bank of N.J.*, 616 F.2d 668 (3rd Cir. 1980).

22.     When the documents sought pursuant to a summons are not relevant to determining a taxpayer's tax liability courts will quash the issued summons. See generally, *United States v. Richards*, 631 F.2d 341 (4th Cir.1980) (affirming denial of enforcement because summoned information was not relevant to tax liability); *United States v. Coopers & Lybrand*, 550 F.2d 615 (10th Cir. 1977) (affirming denial of enforcement because demanded documents were not relevant), cited favorably *by US v. Goldman*, 637 F.2d 664 (9th Cir. 1980); *United States v. Matras*, 487 F.2d 1271 (8th

Cir. 1973); *United States v. Theodore*, 479 F.2d 749, 755 (4th Cir. 1973); *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971); *United States v. Dauphin Deposit Trust Co.*, 385 F.2d 129 (3rd Cir. 1967).

23.    In this case the Johnsons do not have a personal bank account at Wells Fargo Bank, N.A. during the time period of the examination.[3]

24.    Thus, the only information that will come from this summons is information from another taxpayer—business entities over which the taxpayer(s) have signatory authority.

25.    These business entities are not under examination.

26.    The information sought is not specifically identified as to how it pertains to the Johnson(s) and is therefore irrelevant to the examination.

27.    The IRS identified one transaction from another bank that it is interested in but the IRS does not specify what Wells Fargo has to do with this transaction.

28.    Further, the transaction was paid from another bank to one of the Johnsons. Therefore, the transaction stands alone and separate from Wells Fargo on its face. The check is not payable to Wells Fargo.

29.    There has been no inquiry made to the taxpayers concerning this transaction prior to issuing the summons.

30.    There is no item of deduction that the IRS has identified that it is seeking to substantiate that relates to this transaction.

---

[3] Even though the Johnson do not have a personal bank account at Wells Fargo they do not object to the IRS summoning Wells Fargo for only their individual bank accounts.

31.     Since there is no relationship with the one specifically identified transaction and Wells Fargo there is no relevance to summoning information from Wells Fargo to determine the Johnsons' tax liability.

32.     Because the information sought by the Summons is irrelevant to determining the Johnsons' tax liability the Summons should be quashed.

## C. THE IRS ALREADY POSSESSES THE DOCUMENTS IT HAS SUMMONSED FROM WELLS FARGO

33.     Under the *Powell* criteria, the IRS may not summon information it already possesses. *Powell*, 379 U.S. at 57–58.

34.     If the IRS had a previous opportunity to examine the relevant records in detail and copy them, a court may infer that the IRS in fact possesses the records and quash the summons. See *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971).

35.     In this case the taxpayers have provided all of the bank records that they possess for their personal bank accounts.

36.     The IRS has also summonsed the same banks to receive information that the taxpayers did not possess. In those cases the taxpayers did not object to those summonses.

37.     This summons as it relates to the taxpayers' personal bank accounts will not provide any additional information that the IRS does not already now possess.

38.     To the extent information that it does produce is information that the IRS does not now already possess, such information will only be irrelevant and overbroad information of another taxpayer as discussed above. This is information that is not being sought reasonably.

39.    Because the IRS already possesses the information it seeks that is relevant to its examination this Court should quash the Summons.

WHEREFORE, Respondent respectfully requests this Court quash the IRS third-party Summons served on Wells Fargo in the matter of Neldon Johnson and Glenda Johnson for the calendar year 2012.

Respectfully submitted this 19th day of September, 2015.

STOEL RIVES, LLP

_____
Paul W. Jones, #11688
STOEL RIVES, LLP
4766 S. Holladay Blvd.
Salt Lake City, Utah  84117
Tel: (801) 930-5101
*Attorneys for Neldon Johnson and Glenda Johnson*