JOHN W. HUBER (#7226)
United States Attorney
JOHN MANGUM (#2072)
Assistant United States Attorney

VIRGINIA CRONAN LOWE (admitted Pro Hac Vice)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 307-6484
Facsimile:    (202) 307-0054

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

| | |
|---|---|
| NELDON JOHNSON and<br>GLENDA JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 2:15-cv-00742-JP<br><br>MOTION TO SUMMARILY DENY PETITION TO QUASH SUMMONS AND COUNTER-PETITION FOR ENFORCEMENT OF THE SUMMONS |

The United States, by and through its undersigned counsel, respectfully moves the Court to summarily deny the petition to quash summons that was issued by the Internal Revenue Service ("IRS"). Plaintiffs seek to a quash summons that was issued to Wells Fargo Bank as part of an IRS examination into Plaintiffs' federal income tax liabilities for the year 2012. The Petition to quash should be summarily denied because, as shown below, the United States has made its prima facie showing under the standards set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964), and Plaintiffs have failed to overcome the heavy burden placed upon them to establish bad faith or an abuse of process on the part of the IRS.

1

Specifically, the IRS is entitled to the records summoned as part of its examination, and Plaintiffs' petition should be denied and the summons should be enforced.

## BACKGROUND

Revenue Agent Joel Zielke is a duly commissioned Revenue Agent employed by the Internal Revenue Service (IRS) in the Small Business Self-Employed Division in Salt Lake City, Utah. Declaration of Joel Zielke ("Zielke Decl."), ¶ 1. As a Revenue Agent, Mr. Zielke is authorized to issue IRS summonses. Zielke Decl., ¶ 2. In his capacity as a revenue agent, Revenue Agent Zielke was assigned to conduct an examination into the federal income tax liabilities of Plaintiffs, Neldon Johnson and Glenda Johnson, for the taxable year 2012. Zielke Decl. ¶ 3.

Plaintiffs filed a tax return for the tax year 2012, and the return was selected for examination by the IRS. Zielke Decl. ¶ 4. On June 12, 2015, Revenue Agent Zielke requested that Neldon and Glenda Johnson provide him with business and personal bank statements. *Id.* . The Plaintiffs provided Revenue Agent Zielke only a partial year of bank statements and failed to provide the remaining requested bank statements. *Id.* Consequently, on August 20, 2015, Revenue Agent Zielke issued a third party summons to Zions Bank. Zielke Decl, ¶5. The Plaintiffs did not move to quash this summons. From the records obtained through the afore-mentioned summons to Zions Bank, Revenue Agent Zielke discovered a cashier's check made payable to Glenda Johnson in the amount of $1,498,150.85 and deposited into an undisclosed account at Wells Fargo Bank. *Id.*

On October 1, 2015, in furtherance of the examination and in accordance with 26 U.S.C. §§ 7602 and 7603, Revenue Agent Zielke served an attested copy of an IRS administrative summons on Wells Fargo Bank. Zielke Decl. ¶ 6. The summons directed Wells

Fargo Bank to produce "copies of signature cards, monthly bank statements, bank deposits slips, deposit items, credit memos, cancelled checks, and debit memos drawn on accounts which Neldon Johnson or Glenda Johnson either owns or is a signer for the period December 2011 – January 2013." *Id.*  The IRS did not possess any of the information or documents requested in the summons. Zielke Decl. ¶ 7.  The information and documents were needed to reconstruct Plaintiffs' income for the tax year 2012, which is relevant to the determination of their correct income tax liability.  Zielke Decl. ¶ 8.

On October 1, 2015, in accordance with 26 U.S.C. § 7609(a), notice of the issuance of the summons, a copy of the summons, and a notice explaining Plaintiffs' right to bring a proceeding to quash the summons were sent via certified mail to Plaintiffs at their last known address. Zielke Decl. ¶ 9.

All administrative steps required by the Internal Revenue Code for issuance of the summons described above have been taken.  Zielke Decl. ¶ 10.  No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect for Plaintiffs.  Zielke Decl. ¶ 11.

## ARGUMENT

### The Petition Should Be Summarily Denied Because the Government Has Made a Prima Facie Case under *Powell* Which Plaintiffs' Defenses Do Not Rebut

This Petition should be summarily denied because the United States has met its burden under the standards set forth in *United States v. Powell*, 379 U.S. 48 (1964) and Plaintiffs have failed to overcome their burden and establish that the IRS abused its process or was acting in bad faith in issuing the summons.  Further, because the United States has established the validity of the summons, the United States' counter-petition to enforce the summons should be granted.

### A. The Third-Party Administrative Summons at Issue Satisfies the Powell Requirements.

When a party challenges a summons issued by the IRS or when the government asks that an IRS summons be enforced, the government must first establish a prima facie case of good faith as set forth in *United States v. Powell*, 379 U.S. at 57-58. Once the Government establishes its prima facie case, the burden of proof shifts to the taxpayer. The taxpayer bears a "heavy burden" of showing an abuse of process or the lack of institutional good faith. *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987); *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443-44 (10 Cir. 1985); *see also Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995). To meet this burden, the taxpayer must allege specific facts and evidence to support his allegations. *Balanced Financial Management, Inc.*, 769 F.2d at 1444.

In order to show that a summons is valid and proper, *Powell* requires the government to establish that the summons: (1) was issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already within the IRS's possession; and (4) that the IRS satisfied all administrative steps required by the Internal Revenue Code. *See Powell*, 379 U.S. at 57-58. Courts have held that the government's burden of satisfying the *Powell* requirements is a "slight one" that can be satisfied by introducing a sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *Balanced Financial Management, Inc.*, 769 F.2d at 1443; *Fortney*, 59 F.3d at 120 .

In this case, Revenue Agent Zielke's Declaration establishes that the summons at issue met all requirements of law and was issued in accordance with the four elements set forth in *Powell*. Each of these four elements is addressed in turn.

### i. *The Summons Was Issued for a Legitimate Purpose*

The Internal Revenue Code specifically authorizes the Secretary of the Treasury to issue summonses for the purpose of determining the tax liability of any taxpayer or collecting any such liability. 26 U.S.C. § 7602(a).  Revenue Agent Zielke issued the third-party summons in furtherance of his investigation of Plaintiffs' federal income tax liabilities. It is proper to issue summonses for the purpose of verifying the correctness of the taxpayer's tax return, to determine the taxpayer's tax liabilities, or to prepare tax returns if they were not filed where such filings were required by law. 26 U.S.C. § 7602(a).  Here, as set forth above, the IRS is examining the federal tax liabilities of Plaintiffs, Neldon and Glenda Johnson, for tax year 2012.  (Zielke Decl. ¶ 3.)  Thus, the summons was issued for a legitimate purpose.

### ii. *The Records Are Relevant to the Purpose of the Investigation*

The second element of the *Powell* test requires that the IRS summonses seek information that may be relevant to the purpose of the examination. *Powell*, 379 U.S. at 57-58. The Supreme Court has held that the information sought by the IRS only needs to be potentially relevant, and not actually relevant. *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-814 (1984). Information is deemed relevant where it "might have thrown light upon the correctness of [the taxpayer's] return." *See id.* at 813 n.11 (noting that standard "appears to be widely accepted among the Courts of Appeals").  The Tenth Circuit has held that the IRS may issue a summons for items of even potential relevance to an ongoing investigation. *Villarreal v. United States*, 524 Fed. Appx. 419, 423 (10th Cir. 2013).  In this case, the examination concerns the correct tax liability of Plaintiffs for tax year 2012.  Towards that end, Plaintiffs' bank and financial records will facilitate the examination by showing the source and amount of income received by Plaintiff.  Therefore, the summoned documents may be relevant to the purpose of the

examination.  Revenue Agent Zielke's declaration shows that the issuance of the administrative third-party summons to Wells Fargo Bank may be relevant to his examination.  Zielke Decl., ¶¶ 10-13.  Accordingly, the summons satisfies the second *Powell* requirement.

### iii.     *Records Not Already in the Possession of the IRS*

The third element of the *Powell* test requires that the IRS not summon documents that it already has in its possession.  *Powell*, 379 U.S. at 57-58.  This requirement originates from 26 U.S.C. § 7605(b), which forbids "unnecessary" summonses.  *See United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981).  As such, the requirement is not "an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS."  *Id*.  Revenue Agent Zielke has verified that the materials, books, records, papers, and other data sought by the summons were not in the possession of the IRS at the time the summons was issued.  *See* Zielke Decl., ¶ 11.  Accordingly, the summons satisfies the third *Powell* requirement.

### iv.     *All Administrative Steps Have Been Satisfied*

Finally, the fourth element of the *Powell* test requires that the summons meet the administrative steps required by the Internal Revenue Code.  *Powell*, 379 U.S. at 57-58.  An averment by a Revenue Agent that all administrative procedures have been complied with is sufficient to satisfy the government's slight burden under *Powell's* fourth requirement.  *See Balanced Financial Management, Inc.* 769 F.2d at 1443; *Stewart v. United States*, 511 F.3d 1251,1255 (9th Cir. 2008).  Here, Revenue Agent Zielke declares that all administrative steps were followed.  *See* Zielke Decl., ¶ 17.  Revenue Agent Zielke served a copy of the summons, and he timely mailed certified copies to Plaintiffs as required under Section 7609(a).  *See* Zielke Decl., ¶ 13.  Thus, this final element of the *Powell* test is satisfied.

### B.  Plaintiffs Have Not Alleged Sufficient Facts Nor Presented Sufficient Evidence to Rebut the United States' Prima Facie Case for Enforcement

Once the government establishes a prima facie case under *Powell,* the burden immediately shifts to the petitioner to establish a valid defense to the summons. *Balanced Financial Management, Inc.* 769 F.2d at 1444.  Unless Plaintiffs can show that the government's issuance of the summons was an abuse of process "or that in issuing the summons the IRS lack[ed] institutional good faith" the summons must be enforced.  *See Anaya,* 815 F.2d at 1377; *see also 2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir.1997).  As set forth below, Plaintiffs have not made a sufficient showing that the petition should be quashed. Accordingly, their petition should be summarily denied.

The Plaintiffs maintain that the IRS summons was not issued in good faith because the summons is overly broad, not relevant and already in the possession of the IRS.  In support of their allegations that the summons is over broad and not relevant the Plaintiffs maintain the IRS is improperly issuing a summons for bank records of a business account for which they are just signatories and not a personal account of the Plaintiffs.  Plaintiffs' argument is without merit.  As set forth above, Revenue Agent Zielke is examining the Plaintiffs' federal income tax liability for the year 2012 and on July 23, 2012, a check made payable to Glenda Johnson in the amount of $1,498,150.85 was deposited into an account at Wells Fargo Bank.  Thus, the IRS is seeking information related to the Plaintiffs' financial activity during the 2012 tax year which is relevant to the determination of their federal income tax liability for that year.  The fact that the Plaintiffs deposited these funds into this account during their 2012 tax year makes this information sought by the summons relevant to the agent's examination.  Therefore, the summons is not overbroad and the information sought is relevant to the revenue agent's examination.  *See United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir. 1981); *Pennington v. United States*, 105

A.F.T.R.2d 2010-784 (W.D. Tex. 2010); *Morris v. United States*, 616 F.Supp. 246, 249 (E.D. Mich. 1985);

 The Plaintiffs maintain that the only information that will come from this summons is information from another taxpayer – business entities over which the taxpayers have signatory authority. *See* Petition to Quash, p. 6. The fact that another taxpayer's information may be produced does not prevent the enforcement of the summons. Pursuant to §7602, the IRS has broad powers to summon information which is relevant to determining whether a taxpayer has complied with the federal tax laws. The IRS may obtain records held by the taxpayer under investigation, or it may summon, question, and require production from "any person" who holds records "relating to the business of the person liable for [the] tax. 26 U.S.C. § 7602. *See United States v. First Bank,* 737 F.2d 269 (2nd Cir. 1984).

 Finally, the Plaintiffs maintain that the IRS already has all the information with regard to the Plaintiffs' personal bank accounts. However, as set forth in the Declaration of Revenue Agent Zielke, the IRS does not possess any of the documents sought by the summons at issue.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny the Petition to Quash Summons and enforce the summons.

Respectfully submitted this 18th day of December, 2015.

                                          JOHN W. HUBER
                                        United States Attorney

                                        JOHN K. MANGUM
                                        Assistant United States Attorney

                                        /s/ Virginia Cronan Lowe
                                        VIRGINIA CRONAN LOWE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683
                                        Ben Franklin Station
                                        Washington, D.C. 20044-0683
                                        Telephone:     (202) 307-6484

                                        Attorneys for the United States

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing MOTION TO SUMMARILY DENY PETITION TO QUASH SUMMONS has been made this 18th day of December, 2015, via the Court's CM/ECF system to:

Paul W. Jones, Esq.
*Attorney for Plaintiffs*

Zions Bank
Legal Department
1875 S Redwood Road
Salt Lake City, UT 84104

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
United States Department of Justice