JOHN W. HUBER (#7226)
United States Attorney
JOHN MANGUM (#2072)
Assistant United States Attorney

VIRGINIA CRONAN LOWE (admitted Pro Hac Vice)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:    (202) 307-6484
Facsimile:    (202) 307-0054

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

| | |
|---|---|
| NELDON JOHNSON and<br>GLENDA JOHNSON,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendants. | Case No. 2:15-cv-00742-JP<br><br>UNITED STATES' REPLY<br>MEMORANDUM |

The United States, by and through its undersigned counsel, submits this memorandum in reply to the Memorandum in Opposition to Defendant's Motion To Summarily Deny Petition to Quash Summons and Counter-Petition For Enforcement of the Summons ("Opposition"). As set forth in the United States' motion, to obtain enforcement of a summons, the Government need only make a "minimal" initial showing (1) that the summons was issued in good faith, *i.e.*, that the investigation will be conducted pursuant to a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information sought is not already within the Commissioner's possession; and (4) that the administrative steps required by the Internal

1

Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). In addition, the Government must show that no Justice Department referral is in effect with respect to such person. 26 U.S.C. § 7602(d).

The government's burden of satisfying the *Powell* requirements is a "slight one" that can be satisfied by introducing a sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10 Cir. 1985); *see also Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995). In this case, Revenue Agent Zielke's Declaration establishes that the summons at issue met all requirements of law and was issued in accordance with the four elements set forth in *Powell*. Once the Government establishes its prima facie case, the burden of proof shifts to the taxpayer. The taxpayer bears a "heavy burden" of showing an abuse of process or the lack of institutional good faith. *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987); *United States v. Balanced Financial Management, Inc.*, *supra.* The Plaintiffs have failed to meet this burden.

## ARGUMENT

### A. The Summons Was Issued for a Legitimate Purpose

In their Opposition, the plaintiffs maintain that the third-party summons was not issued for a proper purpose. Plaintiffs maintain that the stated purpose of the summons "in furtherance of [the IRS agent's] investigation of Plaintiffs' federal income tax liabilities" is an insufficient purpose. The plaintiffs' allegation lacks merit. Congress has conferred upon the Secretary of the Treasury the responsibility to make accurate determinations of tax liability and has given him broad authority to conduct investigations for that purpose. Section 6201, 26 U.S.C., charges the Commissioner of Internal Revenue, as the Secretary's delegate, with the duty "to make the

inquiries, determinations, and assessments of all taxes" imposed by the Internal Revenue Code. *See also* I.R.C. § 7601; *Donaldson v. United States*, 400 U.S. 517, 523–524 (1971); *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir. 1983); *United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980).

The summons power is the means provided by Congress to allow the Commissioner to discharge this investigative responsibility.  Section 7602, 26 U.S.C., authorizes the Commissioner, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, . . . [or] determining the liability of any person for any internal revenue tax, . . . [t]o examine any books, papers, records or other data which may be relevant or material to such inquiry" and to summon any person to appear and produce such documents and to give relevant testimony.  *See Crystal v. United States*, 172 F.3d 1141, 1143–1144 (9th Cir. 1999).  The courts have consistently held that § 7602 endows the IRS with expansive information-gathering authority in order to encourage effective tax investigations.  *See United States v. Arthur Young & Co.*, 465 U.S. 805, 813–815 (1984); *United States v. Balanced Fin. Mgmt*, 769 F.2d 1440, 1446 (10th Cir. 1985); *United States v. Jose*, 131 F.3d 1325, 1327 (9th Cir. 1997) (*en banc*); *Hintze v. IRS*, 879 F.2d 121, 125–126 (4th Cir. 1989).  As set forth in the Declaration of Revenue Agent Joel Zielke, the IRS is examining the federal tax liabilities of Plaintiffs, Neldon and Glenda Johnson, for tax year 2012.  (Zielke Decl. ¶ 3.)  Thus, the summons was issued for a legitimate purpose.

The Plaintiffs also maintain that the summons was not issued for a legitimate purpose because the summons seeks information for bank accounts for which the Plaintiffs are signatories and therefore third party information may be revealed and the third parties were not given notice of the summons.  Again, Plaintiffs' allegations are without merit.  In *Vanguard*

*Intern. Mfg., Inc. v. United States*, 588 F.Supp. 1229 (S.D. N.Y. 1984), Vanguard challenged the enforcement of a summons issued to Chase Manhatten Bank requesting records in all branches of Chase concerning among other things, bank accounts in the name of and/or under the signatory authority of Aldo Gucci.  The IRS was investigating the federal tax liabilities of Aldo Gucci and Gucci had signatory authority over Vanguard's accounts at Chase.  The court enforced the summons and held that Vanguard lacked standing under Section 7609(b)(2) to challenge the summons validity.  *Vanguard*, 588 F.Supp. at 1232.  Therefore, the Plaintiffs' allegation that because the summons requests information for bank accounts on which a taxpayer is a signatory means that the summons does not have a legitimate purpose is not supported by the case law.

Finally, Plaintiffs maintain that the summons was issued improperly and was only issued to harass or put pressure on Mr. Johnson with regard to another suit pending in this Court which seeks injunctive relief.  However, the Plaintiffs' have failed to set forth any facts in support of these allegations.  Plaintiffs have failed to set forth any facts with regard to the other suit or how an investigation and determination of both Mr. and Mrs. Johnson's federal tax liability for the year 2012 would have any impact on this other suit.  Plaintiffs' conclusory allegations are insufficient to support their burden to show an abuse of process or the lack of institutional good faith.  *See Villarreal v. United States*, 524 Fed. Appx. 419, 423 ((10th Cir. 2013) (allegations of a "harassment campaign" are conclusory and thus insufficient to meet Mr. Villarreal's burden).

As set forth in the Zielke Declaration, the IRS is investigating the Plaintiffs' 2012 federal income tax liabilities.  The summons power is the means that Congress has provided to enable the Commissioner to discharge these investigative and collection responsibilities. Section 7602(a) of the Code authorizes the Commissioner, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, [or] determining the

4

liability of any person for any internal revenue tax, . . . [t]o examine any books, papers, records or other data which may be relevant or material to such inquiry" and to summon any person to appear and produce such documents and to give relevant testimony.  *See* 26 U.S.C. § 7601(a)(1) and (2). The courts have consistently held § 7602 gives the IRS expansive information-gathering authority to facilitate effective tax investigations. *See Church of Scientology v. United States*, 506 U.S. 9, 10 n.2 (1992); *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 (1984). Therefore, the summons to Wells Fargo issued in support of the IRS investigation into the Plaintiffs' 2012 federal income tax liabilities has a legitimate purpose.

### B.  *The Records Are Relevant to the Purpose of the Investigation*

In their Opposition, the Plaintiffs maintain that the United States fails to meet the second element of the *Powell* test because the summons does not seek relevant information.  The plaintiffs maintain that they do not have any personal accounts at Wells Fargo and as a result the only information that will come from this summons is information from business entities over which they have signatory authority.

The Supreme Court has held that the information sought by the IRS only needs to be potentially relevant, and not actually relevant. *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-814 (1984).  Information is deemed relevant where it "might have thrown light upon the correctness of [the taxpayer's] return." *See id.* at 813 n.11 (noting that standard "appears to be widely accepted among the Courts of Appeals").  The Tenth Circuit has held that the IRS may issue a summons for items of even potential relevance to an ongoing investigation.  *Villarreal v. United States*, 524 Fed. Appx. 419, 423 (10th Cir. 2013).  The summons at issue in this case meets that standard.  In this case, the IRS is examining the tax liability of Plaintiffs for tax year 2012.  On July 23, 2012, a check made payable to Glenda Johnson in the amount of

$1,498,150.85 was deposited into an account at Wells Fargo Bank.  Thus, the IRS is seeking information related to the Plaintiffs' financial activity during the 2012 tax year which is relevant to the determination of their federal income tax liability for that year.  The fact that the Plaintiffs deposited these funds into this account during their 2012 tax year makes this information sought by the summons relevant to the agent's examination. Towards that end, the requested bank and financial records will facilitate the examination by showing the source and amount of income received by Plaintiffs.  Therefore, the summoned documents may be relevant to the purpose of the examination.  In *Vanguard*, the court enforced a summons on Chase Manhatten Bank seeking bank account information for which the taxpayer was a signatory finding that the materials sought were relevant to a determination of the accuracy and validity of the taxpayer's tax returns. *See Vanguard*, 588 F.Supp. at 1234.

     The Plaintiffs also maintain that the summons is over broad.  A summons is not overbroad if it describes information sought with "reasonable certainty." I.R.C. § 7603(a)(1). An overbroad summons is a summons that does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons and where enforcement would constitute an unreasonable search in violation of the Fourth Amendment. *United States v. Wyatt*, 637 F.2d 293, 302 n.16 (5th Cir. 1981). The summons in this case is not overbroad because it describes the requested documents with sufficient specificity to allow Wells Fargo to produce them.  The summons directed Wells Fargo Bank to produce "copies of signature cards, monthly bank statements, bank deposits slips, deposit items, credit memos, cancelled checks, and debit memos drawn on accounts which Neldon Johnson or Glenda Johnson either owns or is a signer for the period December 2011 – January 2013." *See* Zielke Decl., ¶6.

Thus, the Plaintiffs' allegation that the summons is over broad has no merit and should be denied.

### C. Records Not Already in the Possession of the IRS

The Plaintiffs' position with regard to the third *Powell* factor as to whether the IRS is in possession of the summonsed information is basically the same as their prior argument that the summons was not issued for a valid purpose. In their Opposition, the Plaintiffs maintain the summons seeks information already within the IRS' possession because they have provided the IRS with all of the bank records for their personal accounts and the information that will be produced pursuant to the summons will be with regard to business accounts for which they are signatories. As set forth in the Zielke Declaration, the information sought by the summons is not already in the possession of the IRS, *see* Zielke Decl., ¶11, and the information requested is relevant to the investigation of the Plaintiffs' 2012 federal income tax liability. *See Villarreal,* 524 Fed. Appx. at 423; *Vanguard Intern. Mfg., Inc.*, 588 F.Supp. at 1234 (the materials sought are relevant to a determination of the accuracy and validity of Gucci's tax returns). Accordingly, the summons satisfies the third *Powell* requirement.

### D. All Administrative Steps Have Been Satisfied

Finally, the Plaintiffs maintain that the IRS has failed to follow all the administrative steps required by the Internal Revenue Code because the IRS failed to comply with the John Doe summons requirements of §7609(f). The Plaintiffs maintain that the summons seeks information about unidentified taxpayers and therefore the John Doe summons notice requirements should have been followed. The Plaintiffs' allegations have no support and should be denied. As set forth above, the summons at issue specifically requests Wells Fargo Bank to produce "copies of signature cards, monthly bank statements, bank deposits slips, deposit items,

credit memos, cancelled checks, and debit memos drawn on accounts which Neldon Johnson or Glenda Johnson either owns or is a signer for the period December 2011 – January 2013." *See* Zielke Decl, ¶6.  Thus, the summons specifically identifies the Plaintiffs.  Section 7609(a)(1) expressly states that  only those persons identified in a summons are entitled to notice of its issuance.  As set forth in the Ziekle Declaration, pursuant to §7609(a) notice was sent to the Plaintiffs on October 1, 2015.

The Plaintiffs' cite to *Tiffany Fine Arts, Inc., et al. v. United States*, 469 U.S. 310 (1985), as support for their position however, *Tiffany* actually supports the United States' position in this matter.  In *Tiffany*, the Supreme Court held that where the IRS serves a summons on a known taxpayer with the dual purpose of investigating both the tax liability of that taxpayer and the tax liabilities of unnamed parties, it need not comply with the requirements for John Doe summonses set out in §7609(f), as long as all the information sought is relevant to a legitimate investigation of the summoned taxpayer. *Tiffany*, 469 U.S. at 324.

Providing notice only to individuals identified in the summons is supported by case law. In *United States v. First Bank*, 737 F.2d 269 (2$^d$ Cir. 1984), the court determined that the plain text of §7609(a)(1) combined with its inconclusive legislative history compelled the interpretation that a co-owner of a joint bank account who is not identified in the summons is not entitled to notice when an administrative summons is served on a third-party record-keeper.  *Id.* at 271.  Recognizing that such an interpretation would deny the joint owner of a bank account the right to notice of a summons pertaining to that account unless such owner is identified in the summons, the court in *First Bank* concluded that "this possibility was not thought by Congress to create a sufficient infringement to warrant the inclusion of additional statutory notice requirements for unidentified persons," and that Congress's decision was "reasonable." *Id.* at

274; *Stewart v. United States*, 511 F.3d 1251 (9th Cir. 2008) (wife who was not identified in summonses directed to banks lacked standing to challenge summonses' validity); *See also Vanguard Int'l Mtg., Inc. v. United States*, *supra*. (holding that a corporation not identified in an IRS summons lacked standing under §7609(b)(2) to challenge the summons's validity even though the summons sought records relating to a taxpayer who had signatory authority over the corporation's bank accounts).  As the Plaintiffs were identified is the Wells Fargo summons, they were the only persons entitled to notice of the summons.  Thus, Plaintiffs' allegations have no support and should be denied.

## CONCLUSION

As set above, and in the United States' Motion To Summarily Deny Petition to Quash Summons And Counter-Petition For Enforcement of the Summons, Plaintiffs have not met their burden to show that the petition should be quashed.  Accordingly, their petition should be summarily denied and the summons should be enforced.

Respectfully submitted this 20th day of January, 2016.

        JOHN W. HUBER
        United States Attorney

        JOHN K. MANGUM
        Assistant United States Attorney

        /s/ Virginia Cronan Lowe
        VIRGINIA CRONAN LOWE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044-0683
        Telephone:    (202) 307-6484

        Attorneys for the United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' REPLY MEMORANDUM has been made this 20th day of January, 2016, via the Court's CM/ECF system to:

Paul W. Jones, Esq.
*Attorney for Plaintiffs*

And by first class U.S. Mail, postage prepaid to:

Zions Bank
Legal Department
1875 S Redwood Road
Salt Lake City, UT 84104

            /s/ Virginia Cronan Lowe
            VIRGINIA CRONAN LOWE
            Trial Attorney, Tax Division
            United States Department of Justice