# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| NELDON JOHNSON and GLENDA JOHNSON, | MEMORANDUM DECISION AND ORDER |
| Petitioners, | |
| v. | Case No. 2:15-cv-00742-JNP-PMW |
| UNITED STATES OF AMERICA, | District Judge Jill N. Parrish |
| Respondent. | Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are Neldon Johnson and Glenda Johnson's (collectively, "Petitioners") motions to quash four third-party summonses brought under 26 U.S.C. § 7609(b)(2),[2] as well as the United States of America's ("Government") motions to summarily deny Petitioners' motions to quash.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 2.

[2] *See* docket nos. 1, 11, 13, and 14.

[3] *See* docket nos. 4, 15, and 12.

## BACKGROUND

Petitioners' federal income tax liabilities for the tax year 2012 were the subject of an ongoing audit being conducted by Internal Revenue Service ("IRS") Revenue Agent, Joel Zielke ("Agent Zielke").  On June 12, 2015, Agent Zielke requested that Petitioners provide him with business and personal bank statements.  However, Petitioners provided only a partial year of bank statements and failed to provide the remaining requested statements.  From records obtained through an unchallenged summons issued to Zions Bank, Agent Zielke discovered that a cashier's check in the amount of $1,498,150.85 had been issued by Zions Bank on June 27, 2012, and was made payable to Petitioner Glenda Johnson.  The check was also deposited into an undisclosed account at Wells Fargo Bank ("Wells Fargo") in 2012.[4]

Upon discovering this information, Agent Zielke then issued an IRS administrative summons to Wells Fargo pursuant to 26 U.S.C. §§ 7602 & 7603 on October 1, 2015.  The summons required Wells Fargo to produce specific documentation with regard to any accounts that Petitioners "own[ed]" or was a "signer" for, so that Agent Zielke could acquire the necessary information to properly determine Petitioners' federal income tax liability for 2012.[5]  On that same date, Agent Zielke also provided to Petitioners through certified mail, a notice of the Wells Fargo summons, a copy of the summons, and a notice explaining Petitioners' right to bring proceedings to quash the summons.

By letter dated November 18, 2015, Agent Zielke informed Petitioners that the examination had been expanded to include a review of their 2013 and 2014 tax years.  Included

---

[4] *See* docket no. 4 at 2.

[5] Docket no. 1 at 2.

with the letter was an Information Document Request ("IDR") to Petitioners requesting documents for their 2012, 2013, and 2014 tax years. Agent Zielke informed Petitioners that the information requested on the IDR was due December 18, 2015. Agent Zielke also sent a copy of the November 18, 2015 letter and the IDR to Petitioners' designated representative, counsel in the instant matter. Petitioners did not respond to Agent Zielke's letter and IDR. Agent Zielke sent another letter to Petitioners dated December 29, 2015, indicating that if they failed to respond by January 12, 2016, additional summonses may be issued and served. Agent Zielke also sent a copy of the letter to Petitioners' counsel.

On January 13, 2016, Agent Zielke issued IRS administrative summonses on Bank of American Fork ("BOAF") and Millard County Credit Union ("MCCU") seeking "copies of signature cards, monthly bank statements, bank deposits slips, deposit items, credit memos, cancelled checks, and debit memos drawn on accounts which Neldon Johnson or Glenda Johnson either owns or is a signer for the period December 2012 – January 2015."[6] On January 14, 2016, Agent Zielke sent to Petitioners via certified mail, notice and a copy of the summonses, as well as a notice explaining Petitioners' right to bring proceedings to quash the summonses.

Petitioners filed the instant petitions to quash the summonses pursuant to 26 U.S.C. § 7609(b)(2)[7] in this case and in three separately filed cases.[8] In response, the Government filed motions to summarily deny the petitions and counter petitions for enforcement of the

---

[6] Docket nos. 12 at 3 and docket no. 15 at 3.

[7] *See* docket nos. 1, 11, 13, and 14.

[8] *See* case nos. 2:16-cv-80-RJS; 2:26-cv-81-CW; and 2:16-cv-203-CW.

summonses.[9]  On April 19, 2016, Judge Parrish granted the Government's unopposed motion to

consolidate the other three cases into the instant case.[10]

### STANDARD OF REVIEW

The IRS has extensive investigatory power under has 26 U.S.C. § 7602.  *See United*

*States v. Powell*, 379 U.S. 48 (1964).  For an IRS summons to be enforced, the IRS must

establish that "(1) the investigation will be conducted pursuant to a legitimate purpose, (2) the

information sought may be relevant to that purpose, (3) the information sought is not already in

the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code

have been followed."  *Villareal v. United States*, 524 Fed. App'x 419, 422 (10th Cir. 2013)

(discussing the *Powell* factors).  Because § 7602 serves "vital public purposes," the statute

"should be liberally construed."  *U.S. v. Coopers & Lybrand*, 550 F.2d 615, 619 (10th Cir. 1977)

(internal quotation marks omitted) (citation omitted).   The Government's burden at this stage is

minimal "because the statute must be read broadly in order to ensure that the enforcement

powers of the IRS are not unduly restricted."  *United States v. Balanced Fin. Mgmt.*, 769 F.2d

1440, 1443 (10th Cir. 1985).  The Government's burden may be established "by affidavit of the

agent who issued the summons and who is seeking enforcement."  *Id.* (quotations and citation

omitted).

Once the Government establishes its prima facie case for enforcement of the summons,

"[t]he burden then shifts to the taxpayer.  The burden is a heavy one."  *Id.* at 1444.  Thus,

Petitioners must "show that enforcement of the summons would constitute an abuse of the

---

[9] *See* docket nos. 4, 12, and 15.

[10] *See* docket no. 10.

court's process, or that in issuing the summons the IRS lacks institutional good faith." *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir.1987) (quotations and citations omitted).  "'The taxpayer must do more than just produce evidence that would call into question the Government's prima facie case.'"  *Balanced Fin. Mgmt., inc.*, 769 F.2d at 1444 (quoting *United States v. Kis*, 658 F.2d 526, 539 (7th Cir. 1981)).  With these standards in mind, the court will now address each of the four contested summonses.

## DISCUSSION

### A.  Wells Fargo Summons

Petitioners contend that the summons to Wells Fargo was issued in bad faith on the grounds that (1) it is impermissibly overbroad; (2) the information requested is not relevant to Agent Zielke's investigation; and (3) the IRS already possesses the documentation requested in the summons.  The court concludes that Petitioners' arguments are without merit.

As established by Agent Zielke's declaration, the Wells Fargo summons was issued for the legitimate purpose of examining the federal tax liabilities of Petitioners.  *See* 26 U.S.C. § 7602(a).  The requested records are relevant, or potentially relevant, to Agent Zielke's investigation as they will show the source and amount of income received by Petitioners.  *See Villarreal*, 524 Fed. App'x at 423 (holding that the IRS may issue a summons for items of potential relevance to an ongoing investigation).  While a copy of the check itself is in the possession of the IRS, Agent Zielke has verified that the materials sought by the summons were not in the possession of the IRS at the time the summons was issued.  And, finally, all administrative steps have been satisfied as Agent Zielke averred that he served a copy of the summons, and he timely mailed certified copies to Petitioners as required under Section 7609(a).

*See Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1443.  Thus, the Government has met its prima facie burden under *Powell*.

Furthermore, Petitioners have not met their "heavy" burden.  *Id.* at 1444.  Petitioners assert that the summons is overbroad and irrelevant, is an improper attempt to gather information regarding a separate case involving Petitioner Neldon Johnson, and fails to comply with the John Doe summons requirement of § 7609(f).  As noted above, the Wells Fargo summons seeks information that it at least potentially relevant this investigation.  Further, the summons is not overbroad as it describes the requested documents with "reasonable certainty," I.R.C. § 7603(a)(1), and is sufficiently specific to allow Wells Fargo to produce them.  Petitioners provide no support for their assertion that the summons was issued to harass or pressure Mr. Johnson.  Petitioners' conclusory allegations are insufficient to support their burden to show an abuse of process or the lack of institutional good faith.  *See Villarreal*, 524 Fed. App'x. at 423 (concluding that allegations of a "harassment campaign" were conclusory and thus insufficient to meet Petitioner's heavy burden).

Lastly, Petitioners' assertion that the John Doe notice requirements should have been followed as the summons seeks information about unidentified taxpayers is likewise without merit.  Only those persons identified in a summons are entitled to notice of its issuance under section 7609(a)(1).  *See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 (1985) (holding that where "the IRS serves a summons on a known taxpayer with the dual purpose of investigating both the tax liability of that taxpayer and the tax liabilities of unnamed parties, it need not comply with the requirements for John Doe summonses set out in §7609(f), as long as all the information sought is relevant to a legitimate investigation of the summoned taxpayer").

Furthermore, "the IRS is not engaged in a 'fishing expedition' when it seeks information relevant to a legitimate investigation of a particular taxpayer," and "any . . . effect on the privacy rights of unnamed taxpayers is justified by the IRS's interest in enforcing tax laws." *Id.* at 321.

Based on the foregoing, the court concludes that the Government has met its prima facie burden under *Powell* and Petitioners have failed to meet their heavy burden. Accordingly, Petitioners' petition to quash the summons issued to Wells Fargo[11] is **DENIED** and the Government's motion to enforce the summons[12] is **GRANTED**. Wells Fargo shall produce the requested documents within (30) days of the date of this order.

### B. BOAF and MCCU Summonses

Petitioners argue that the summonses to BOAF and MCCU should be quashed as (1) the IRS failed to comply with the Right to Financial Privacy Act, *see* 12 U.S.C. § 3401-3422; (2) the IRS violated Petitioners' right to privacy under the Taxpayer Bill of Rights, and (3) Agent Zielke failed to properly follow the guidelines set forth in the Internal Revenue Manual. The court concludes that Petitioners' arguments are without merit for substantially the same reasons stated above.

This court concludes that the Government has met its burden under *Powell*. Agent Zielke issued the summonses to BOAF and MCCU (1) in furtherance of the legitimate purpose of investigating Petitioners' tax liabilities for 2013 and 2014; (2) the information requested is potentially relevant to the investigation; (3) the information sought is not already in the

---

[11] *See* docket no. 1.

[12] *See* docket no. 4.

possession of the IRS, and (4) proper administrative steps were followed in issuing the summons. *See Villareal*, 524 Fed. App'x at 422.

Petitioners argue that the summonses are improper because they will capture bank statements of third parties who have not received notice under the John Doe notice requirements and in violation of the Right to Financial Privacy Act.   However, section § 3413(c) of the Right to Financial Privacy Act explicitly states, "Nothing in this chapter prohibits disclosure of financial records in accordance with procedures authorized by Title 26."  12 U.S.C. § 3413(c). Furthermore, as noted above, parties not named in a summons are not entitled to notice under 26 U.S.C. §7609(f) unless the information sought in the summons is only relevant to investigating the taxpayer(s) not named in the summons. *See Tiffany*, 469 U.S. at 322-23.

Petitioners also contend that they are willing to voluntarily provide the requested documentation to Agent Zielke, and that a summons is therefore an inappropriate means by which to obtain the requested documentation.  As detailed above, Petitioners previously failed to respond to Agent Zielke's request for the information now summoned in two letters sent to Petitioners and counsel.  Thus, Petitioners' argument is without merit, falling within the ambit of "too little, too late."

Based on the foregoing, the court concludes that the Government has met its prima facie burden under *Powell* and Petitioners have failed to meet their heavy burden in rebuttal. Accordingly, Petitioners' petitions to quash the summonses issued to BOAF[13] and MCCU[14] are

---

[13] *See* docket no. 11.

[14] *See* docket no. 13.

**DENIED** and the Government's motions to enforce the summonses[15] are **GRANTED**.  BOAF

and MCCU shall produce the requested documents within (30) days of the date of this order.

### C.  Morgan Stanley Summons

Petitioners filed a petition to quash a summons "served on Morgan Stanley."[16]  However,

in their memorandum in opposition to the Government's motions regarding the BOAF and

MCCU summonses, Petitioners state that the Morgan Stanley "summons was returned in the

mail to the IRS."[17]  Because a notice of the summons was sent to Petitioners, they have filed a

motion to quash this summons as well.  The Government has not responded to Petitioners'

petition to quash the summons to Morgan Stanley.  Because it appears that the summons was

never properly served on Morgan Stanley, Petitioners' motion to quash the summons is **MOOT**.

### CONCLUSION

Based on the foregoing, it is hereby ordered that:

(1) Petitioners' petition to quash the summons issued to Wells Fargo[18] is **DENIED** and

the Government's motion to enforce the summons[19] is **GRANTED**.  Wells Fargo shall produce

the requested documents within (30) days of the date of this order.

(2) Petitioners' petitions to quash the summonses issued to BOAF[20] and MCCU[21] are

---

[15] *See* docket nos. 12 and 15.

[16] Docket no. 14.

[17] Docket no. 16, note 1.

[18] *See* docket no. 1.

[19] *See* docket no. 4.

[20] *See* docket no. 11.

[21] *See* docket no. 13.

**DENIED** and the Government's motions to enforce the summonses[22] are **GRANTED**.  BOAF

and MCCU shall produce the requested documents within (30) days of the date of this order.

(3) Petitioners' motion to quash the summons issued to Morgan Stanley[23] is **MOOT**.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[22] *See* docket nos. 12 and 15.

[23] *See* docket no. 14.